# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HENDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J.D. SCOTT, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F   02-5809 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH RULE 8 AND FAILURE TO COMPLY WITH COURT ORDER AND FILE THIRD AMENDED COMPLAINT |

Thomas Henderson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on July 8, 2002. On April 29, 2003, the Court dismissed the complaint with leave to amend for plaintiff's failure to comply with Rule 8. The complaint submitted consisted of one hundred fifteen (115) pages and over four hundred (400) pages of exhibits or attachments. Plaintiff did not file an Amended Complaint and on June 9, 2003, the Court issued Findings and Recommendations that the action be dismissed for plaintiff's failure to file the Amended Complaint.

On July 1, 2003, the Court vacated its June 9, 2003, Recommendation. Plaintiff, on

August 26, 2003, filed his First Amended Complaint, improperly caption as a "Second Amended Complaint." On September 16, 2003, the Court dismissed the Amended Complaint with leave to amend again for failing to comply with Rule 8. This time, the complaint consisted of 69 pages and the exhibits/attachments were of the same volume as the prior complaint's exhibits. The entire pleading remained at least five inches in thickness. The Court warned plaintiff that his failure to comply with Rule 8 would be stricken from the record.

On January 6, 2004, plaintiff filed his Second Amended Complaint. On March 28, 2005, the Court issued an Order STRIKING the Second Amended Complaint from the case. The Court again determined that the Complaint, consisting of now 62 pages (three hundred twenty seven [327] paragraphs) and over 400 exhibits/attachments.[1]), still did not comply with Rule 8(a). The Court granted Plaintiff additional time to submit a Third Amended Complaint that complied with Rule 8(a) and was warned that his failure to comply would result in a Recommendation that the action be dismissed.

On March 28, 2005, Plaintiff filed a pleading titled "Objections" to the Order striking the pleading from the record. In this pleading, plaintiff complains that the Court's failure to process the case is a form of prejudice and that the Court is required to serve the complaint. Plaintiff also complains about the length of time his case has been pending before the Court.

## DISCUSSION

Plaintiff has been informed repeatedly that this Court is required to SCREEN complaints. 28 U.S.C. § 1915A(a). In order to carry out its screening function, the Court must read the complaint and determine whether the arguments made state a cognizable claim for relief. However, before the Court initiates the screening process, the complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "**SHORT AND PLAIN** statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (emphasis added).

In this case, despite the Court's repeated warnings about the requirements of Rule 8(a),

---

[1] The Complaint, Amended Complaint and Second Complaint occupy an entire expando each.

2

1  plaintiff has made no attempts to make each claim for relief clear and provide only a brief
2  statement of facts in support of the claim.  Instead, he produces an extraordinarily lengthy
3  narrative detailing every minutia of the circumstances surrounding his claim, whatever they
4  might be.  As plaintiff has been informed, the Court cannot glean what claims for relief might lay
5  hidden in the narration provided by plaintiff and it is plaintiff's responsibility to make each claim
6  clear and provide only a short statement of facts supporting that claim.  Despite this Court's
7  repeated efforts to educate Plaintiff on the requirements of Rule 8(a), Plaintiff has chosen to
8  disregard the Court's instruction and instead has filed Objections to the Court's Orders.  Plaintiff
9  is in noncompliance not only with the requirements of Rule 8(a) but of the Court's order
10 directing him to file a Third Amended Complaint.
11         With regard to plaintiff's complaints regarding the time the case has been pending in this
12 Court, as noted above, the Court will not order service until it has determined that the complaint
13 states a cognizable claim for relief.  The cause of the resulting delay lies with the Plaintiff as he
14 has repeatedly failed, and on this occasion, has refused to submit a Complaint in compliance with
15 the applicable rules.
16         Local Rule 11-110 provides that "failure of counsel or of a party to comply with these
17 Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
18 and all sanctions . . . within the inherent power of the Court."  District courts have the inherent
19 power to control their dockets and "in the exercise of that power, they may impose sanctions
20 including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d
21 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
22 failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
23 See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
24 local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
25 comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-
26 41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to
27 keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
28 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since 2002. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order of March 8, 2005, expressly stated: "If plaintiff's Third Amended Complaint fails to comply with this order and Rule 8, the Court will RECOMMEND dismissal for failure to comply with Rule 8 and failure to obey a court order." Thus, plaintiff had adequate warning that dismissal could result from non-compliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED based on plaintiff's refusal to obey the Court's order of March 8, 2005, and failure to comply with Rule 8(a).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**TWENTY (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 4, 2005**                     /s/ Lawrence J. O'Neill
b9ed48                                                  UNITED STATES MAGISTRATE JUDGE