UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HENDERSON,   | 1:02-cv-05809-AWI-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 30) |
| vs. | **ORDER DISMISSING ACTION** |
| J.D. SCOTT, et al., | |
| Defendants. / | |

   Plaintiff, Thomas Henderson ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

   On April 29, 2003, the Magistrate Judge concluded that the complaint must be dismissed.  The Magistrate Judge gave notice of the pleading deficiencies in the complaint, namely that the complaint failed to comply with Rule 8's requirement that it contain a short and plan statement. The Magistrate Judge then granted Plaintiff leave to file an amended complaint.  On August 26, 2003, Plaintiff filed his First Amended Complaint.  On

1

1  September 16, 2003, the Magistrate Judge again dismissed this
2  complaint because it failed to comply with Rule 8's requirments.
3  On January 6, 2004, Plaintiff filed his Second Amended Complaint.
4  On March 8, 2005, the Magistrate Judge struck the Second Amended
5  Complaint from the record because it did not comply with Rule 8's
6  requirements.  The Magisrtate Judge granted Plaintiff additional
7  time to file a Third Amended Complaint.  On March 28, 2005,
8  Plaintiff filed objections to the Magistrate Judge's order
9  striking the Second Amended Complaint.
10     When Plaintiff did not file a Third Amended Complaint, on
11 May 4, 2005, the Magistrate Judge filed Findings and
12 Recommendations herein which recommended this action be dismissed
13 based on Plaintiff's failure to obey the March 8, 2005 order and
14 Plaintiff's failure to comply with Rule 8.  The Findings and
15 Recommendations were served on Plaintiff and contained notice to
16 Plaintiff that any objections to the Findings and Recommendations
17 were to be filed within twenty (20) days.  On May 25, 2005,
18 Plaintiff filed objections to the Magistrate Judge's Findings and
19 Recommendations.
20     In accordance with the provisions of 28 U.S.C. § 636
21 (b)(1)C), this court has conducted a de novo review of this case.
22  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454
23 (9th Cir. 1983).  Having reviewed the file, the court adopts the
24 recommendation that the action be dismissed.  No complaint is
25 currently on file in this action, and this case cannot proceed
26 with a complaint on file.  The complaints Plaintiff has filed
27 were properly dismissed for failure to state a claim upon which
28 the court could grant relief.  See Noll v. Carlson, 809 F. 2d

2

1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).  Instead of filing an amended complaint that complies with Rule 8, Plaintiff has taken the stance that his prior complaints complied with Rule 8 and the court should serve the prior complaints.  Given the length of the complaints, the numerous attached exhibits, and the failure to state clear causes of action or claims for relief, the court agrees that the Magistrate Judge properly dismissed the prior complaints.  The court is faced with a situation were Plaintiff refuses to file a complaint that complies with Rule 8.

The court cannot manage its docket if it maintains cases in which a plaintiff fails to keep an operative complaint on file by filing an amended complaint.  The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to file an amended complaint.  The public and the court have no interest in determining the truth or falsity of the allegations that Plaintiff might raise in an amended complaint if Plaintiff never files an amended complaint. The availability of less drastic sanctions has been considered, but given that no complaint is on file, the court has no effective sanction but to close the case.

3

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. The Findings and Recommendations, filed May 4, 2005,
3  are ADOPTED IN FULL; and,

4  2. This action is DISMISSED based on plaintiff's refusal
5  to obey the Court's order of March 8, 2005, and failure to comply
6  with Rule 8(a).

7  IT IS SO ORDERED.

8  **Dated:   June 15, 2005**              **/s/ Anthony W. Ishii**
   0m8i78                                  UNITED STATES DISTRICT JUDGE

4