IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS HENDERSON,** ) | CV F 02-5809 AWI LJO P |
| ) | |
| **Plaintiff**, ) | **ORDER DENYING MOTION IN** |
| ) | **OBJECTION** |
| v. ) | |
| ) | |
| **J.D. SCOTT, et al.,** ) | (Document #39) |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983.  On June 16, 2005, the court dismissed this action.  On July 18, 2005, Plaintiff filed a notice of appeal.  Plaintiff also filed a motion for transmission of the court's records to the Ninth Circuit.  On July 28, 2005, the Clerk of the Court processed Plaintiff's appeal and prepared this court's records for appeal.  On August 3, 2005, the Magistrate Judge issued a minute order stating Plaintiffs' request for transmission of records was moot because the appeal had already been processed.

On August 17, 2005, Plaintiff filed a motion in objection regarding the August 3, 2005 minute order.

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within ten days.  In this court, this type of objections are treated as a motion for reconsideration by the assigned District Court Judge of the Magistrate Judge's order and should be captioned "Request for Reconsideration."  See Local

1  Rule 72-303.  While Plaintiff's August 17, 2005 motion is not entitled a motion for
2  reconsideration, in the interests of justice the court will review Plaintiff's objection under Local
3  Rule 72-303.  Motions to reconsider are committed to the discretion of the trial court.  <u>Rodgers</u>
4  <u>v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); <u>Combs v. Nick Garin Trucking</u>, 825 F.2d
5  437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing
6  nature to induce the court to reverse its prior decision.  <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City</u>
7  <u>of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other*
8  *grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-
9  230(k) requires a party to show the "new or different facts or circumstances claimed to exist
10 which did not exist or were not shown upon such prior motion, or what other grounds exist for
11 the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the
12 "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R.
13 Civ. P. 72(a); <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Bhan v. NME Hosp., Inc.</u>, 929
14 F.2d 1404, 1414 (9th Cir. 1991).

15      The records in this action have been processed as required by the Federal Rules of Civil
16 Procedure, Federal Rules of Appellate Procedure, and the Rules of the Ninth Circuit.   Plaintiff
17 was not required to file any motion for the transmittal of records.   Thus, the Magistrate Judge
18 did not err in denying Plaintiff's motion for transmittal of records.   Plaintiff may proceed with
19 his appeal in the Ninth Circuit without filing any additional motions in this court.

20      Therefore, IT IS HEREBY ORDERED that Plaintiff's August 16, 2005 motion in
21 objection is DENIED.

23 IT IS SO ORDERED.

24 **Dated:    October 14, 2005**            **/s/ Anthony W. Ishii**
   0m8i78                                   UNITED STATES DISTRICT JUDGE

2